IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BARRY PATRICK EMMETT #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv011 |
| LESLIE WOOTEN, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Patrick Emmett, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. Plaintiff did not pay the filing fee for this case and presumably seeks to proceed *in forma pauperis*.

Before the Court are Plaintiff's complaint and motion for a temporary restraining order, (Dkt. #4). For reasons explained the Court recommends that the motion be denied, and that Plaintiff's lawsuit be dismissed, with prejudice, for purposes of proceeding *in forma pauperis*.

**I. Emmett's Complaint and Motion for Temporary Restraining Order**

While difficult to decipher, (Dkt. #1), Emmett maintains that Leslie Wooten, "Walker County Corporation Clerk," the Texas Board of Pardons and Paroles, the "State of Texas Corporation," and TDCJ's Executive Director and Administrative Director violated his constitutional rights through a default judgment, failing to grant parole, a pardon, or a medical furlough, and an unlawful conviction. He also takes issue with the food served in prison—stating that the food/water contains "toxic metals" and is neither fresh nor nutritious. Emmett further complains about his cell. The Court notes that Emmett mailed to the Court, along with his complaint and motion, a plastic containing food residue—which was discarded.

1

Emmett further argues in his motion, (Dkt. #4), that he will suffer irreversible harm if not granted a temporary restraining order/preliminary injunction because his eye "needs what is called retinal replacement surgery" and Japan is the "only place that offers this surgery." He further states that his last surgery was botched and that TDCJ will not allow him to "get money off [his] account." Emmett states that he lost weight due to a hernia—as he cannot gain weight from "incessant throwing up due to herniation." *Id*. at pg. 1. He argues that he needs a temporary restraining order because there is not enough iodine in the prison food, which is life threatening.

**II. Discussion and Analysis**

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Emmett has already accumulated far more than three strikes for the purposes of this statute. Another district court in this circuit recently summarized his sportive litigation history as follows:

> Court records reflect that Emmett is a recreational litigant who has filed more than 60 prisoner civil-rights actions and at least 20 appeals in the federal courts. He has accumulated more than a dozen strikes for filing actions or appeals that were found to be frivolous: (1) *Emmett v. Ebner*, Civil No. 4:10-cv-3611 (S.D. Tex. Oct. 7, 2010); (2) *Emmett v. Hawthorn*, Civil No. 4:10-cv-4034 (S.D. Tex. Oct. 29, 2010); (3) *Emmett v. Office of the Clerk of Court*, Civil No. 7:10-cv-156 (N.D. Tex. Nov. 1, 2010); (4) *Emmett v. Thaler*, Civil No. 4:10-cv-2748 (S.D. Tex. Nov. 30, 2010); (5) *Emmett v. Ebner*, Appeal No. 10-20772 (5th Cir. April 29 2011); (6) *Emmett v. Boyle*, Civil No. 7:10-cv-0193 (N.D. Tex. May 31, 2011); (7) *Emmett v. Boyle*, Civil No. 7:10-cv-0194 (N.D. Tex. May 31, 2011); (8) *In re: Emmett*, Civil No. 7:11-cv-0021 (N.D. Tex. June 2, 2011); (9) *Emmett v. McGuire*, Appeal No. 10-10437 (5th Cir. June 10, 2011); (10) *Emmett v. Allred Unit*, Appeal No. 10-10715 (5th Cir. June 10, 2011); (11) *Emmett v. Hawthorn*, No. 11-20263 (5th Cir. Feb. 7, 2012); (12) *Emmett v. TDCJ*, Civil No. 4:11-cv-2702 (S.D. Tex. May 16, 2012);

(13) *Emmett v. Tatsch*, Civil No. 4:12-cv-1775 (S.D. Tex. Nov. 26, 2012); (14) *Emmett v. Swartz*, Civil No. 7:11-cv-49 (N.D. Tex. Sept. 30, 2014).

Order of Dismissal, *Emmett v. Julye*, No. 3:21-cv-372 (S.D. Tex. Jan. 24, 2022). Accordingly, that court denied Emmett leave to proceed *in forma pauperis* and dismissed his lawsuit as barred by Section 1915(g) upon finding that his allegations did not establish imminent danger of serious physical injury. *Id.* Those claims included his present claims about inability to eat due to a hernia and the need for eye surgery. Complaint at 2, 4, *id.* (S.D. Tex. Dec. 16, 2021).

Emmett's pleadings here likewise fail to demonstrate that he is in imminent danger of serious bodily harm. To meet the imminent danger requirement of Section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Emmett's allegations concerning the denial of eye and hernia surgery do not clearly pose any imminent serious physical injury. While he insists that he is suffering from a variety of

ailments and that the prison system is not treating his medical conditions, the Court notes that his own words and his submitted medical records refute the notion that the prison system is ignoring his health concerns. Additionally, a prisoner's self-diagnosis—without support demonstrating that the medical condition exists—is insufficient to demonstrate deliberate indifference or imminent danger of physical injury for which time is pressing. *See Aswegan v. Henry*, 49 F.3d 461, 465 (8th Cir. 1995) (a prisoner's self-diagnosis of a serious medical condition is insufficient without medical evidence verifying that the condition exists).

Even assuming that Emmett is suffering from chronic health problems, he has not established that he faces imminent serious physical injury for which time is pressing. His pleadings are conclusory, speculative, and—as mentioned—mostly constitute his own self-diagnoses. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2016) (explaining that it is the Plaintiff's burden to demonstrate that he is in imminent danger of physical injury through facts rather than conclusory assertions.); *Fuller v. Wilcox*, 288 F. App'x 509, 510 (10th Cir. 2008). The Court should therefore bar him from proceeding *in forma pauperis* in this case. Emmett's failure to show that he faces imminent physical injury is bolstered by his specific statement in his complaint, after he complains about his criminal conviction, that he will dismiss all pending litigation if granted a pardon or a transfer to a different prison, (Dkt. #1, pg. 9).

Turning to Emmett's motion for a temporary restraining order, the motion should be denied. A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d

279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). In other words, if the movant failed to carry its burden on one element, the motion must be denied. *Providence Title Co. v. Fleming*, 2023 WL 316138, at *2 (5th Cir. 2023).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

In this case, Emmett's allegations do not warrant the extraordinary remedy of a temporary restraining order. He presents nothing more than convoluted statements that neither illustrate that there is a substantial likelihood he will prevail on the merits nor that a substantial threat exists that irreparable harm will result if the injunction is not granted. The motion should be denied.

RECOMMENDATION

The Court should therefore deny Plaintiff Emmett leave to proceed without prepayment under 28 U.S.C. § 1915(g) and summarily dismiss this action unless, within fifteen (15) days, Plaintiff pays the full filing fee of $405.00. The dismissal should be with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $405 filing fee. Emmett's motion for a temporary restraining order, (Dkt. #4), should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 11th day of January, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE